IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**DANIEL OUTERBRIDGE**                                            **PETITIONER**

**VERSUS**                           **CIVIL ACTION NO.  3:10CV587 CWR-LRA**

**JOHNNY CROCKETT**                                                 **RESPONDENT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Daniel Outerbridge filed a petition for writ of habeas corpus relief on October 20, 2010. Respondent Johnny Crockett argues the petition is barred by the federal statute of limitations and moves to dismiss the petition as untimely, pursuant to 28 U.S.C. § 2244(d), the Antiterrorism and Effective Death Penalty Act of 1996. The undersigned recommends that the motion be granted for the reasons that follow.

**Procedural History**

Petitioner was convicted of armed robbery in the Circuit Court of Hinds County, Mississippi. On June 20, 2005, he was sentenced to serve 30 years in the custody of the Mississippi Department of Corrections, with 15 years suspended and 5 years supervised probation.[1] The conviction was affirmed by the Mississippi Supreme Court in a written opinion, on December 7, 2006, in *Outerbridge v. State*, 947 So.2d 279 (Miss. 2006), *reh'g. denied* February 8, 2007. Petitioner filed a writ of certiorari, which was denied by

---

[1] ECF No. 6-1.

the Mississippi Supreme Court on March 28, 2007. *See* M.R.A.P. 17(a).[2]  Outerbridge did not file a petition for a writ of certiorari in the United States Supreme Court. On November 30, 2009, Petitioner filed an application for post-conviction relief[3] which was denied by the Mississippi Supreme Court on January 22, 2010.[4]  Thereafter, Petitioner filed a motion to reconsider which was denied as improper by the Mississippi Supreme Court on February 5, 2010. *See* M.R.A.P 27(h).[5]  On October 20, 2010, Petitioner filed

---

[2] ECF No. 6-3. Because Petitioner's conviction and sentence were affirmed by the Mississippi Supreme Court on direct appeal, that court found that Petitioner was "not entitled to review on writ of certiorari." Under state law, only decisions issued by the Mississippi Court of Appeals are reviewable by the Supreme Court on writ of certiorari. *See* M.R.A.P.17 (a). Thus, Respondent contends that Petitioner's request for certiorari review cannot be considered a properly filed application as contemplated by 28 U.S.C. § 2244 (d)(2). *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."). Even if this Court were to consider the time period while Petitioner's request for certiorari review was pending, Petitioner's habeas petition would still be untimely.

[3] ECF No. 6-4. The certificate of service reflects Petitioner signed his state court application for post-conviction relief on November 24, 2009, although a motion to proceed in forma pauperis attached to the application bears an earlier date of May 17, 2009. As discussed infra, because neither filing occurred before the expiration of AEDPA's statutory deadline on May 9, 2008, neither serves to toll the statute of limitations.

[4] ECF No. 6-5.

[5] ECF No. 6-6. Under M.R.A.P. 27(h), motions to reconsider rulings of the Supreme Court and the Court of Appeals are generally not allowed under state law, except as to:

> (1) non-voluntary dismissal of pending appeals under rule 2(a);
>
> (2) procedural dispositions by the Clerk of the Court under Rule 27(b);
>
> (3) petitions for interlocutory appeal under Rule 5;
>
> (4) motions for stay and supersedeas under Rule 8;
>
> (5) petitions for writ of mandamus, prohibition or extraordinary writs under Rule 21;

the instant petition seeking federal habeas corpus relief.

## Applicable Law

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on state prisoners filing a federal habeas petition under 28 U.S.C. § 2244(d)(1). AEDPA provides that the statute of limitations shall run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or,

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

AEDPA also provides that the statute of limitations will be tolled while a properly filed application for post-conviction relief is pending in state court:

---

(6) motions to amend, correct or clarify orders, opinions, and mandates;

(7) motions for recusal of justices or judges or review of ruling of trial judges on recusal under M.R.A.P. 48B or 48C; and

(8) in extraordinary cases, by suspension of the rules for good cause shown under Rule 2(c).

>    (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244 (d)(2). Thus, unless the narrow exceptions of § 2244 (d)(1)(B-D) apply, a federal habeas petition must be filed within one year of the date that the petitioner's judgment of conviction becomes final, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See Cantu-Tzin v. Johnson*, 162 F.3d 295 (5th Cir. 1998), *cert denied*, 525 U.S, 1091 (1999); *Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998)**.**

The United States Supreme Court has confirmed that AEDPA's statute of limitations period may be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida***,** 130 S.Ct. 2549, 2562 (2010) (internal quotations and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

## Discussion

Petitioner's judgment became final on May 9, 2007, 90 days after the Mississippi Supreme Court denied certiorari on February 8, 2007. Because the time period during which Petitioner could have sought further review is added to the date his direct appeal ended, Petitioner is credited with the 90-day period permitted for seeking a writ of

certiorari in the United States Supreme Court. See Rule 13(1) of the United States Supreme Court Rules; *see also Roberts v. Cockrell,* 319 F.3d 690, 694 (5th Cir. 2003) (state court judgment becomes final for AEDPA purposes when the time to file a petition for writ of certiorari with the Supreme Court has expired, i.e., 90 days after the judgment is entered). To toll AEDPA's statute of limitations, Petitioner was required to file an application for post-conviction relief in state court before May 9, 2008. Because he did not file his application for post-conviction collateral relief until November 30, 2009, AEDPA's one-year statute of limitations ran uninterrupted from May 9, 2007, to May 9, 2008. Thus, his habeas petition filed on October 20, 2010, more than two years after the expiration of the federal statue of limitations, is untimely.

Petitioner has filed no response or otherwise challenged the motion to dismiss. Accordingly, he has failed to show that he exercised reasonable diligence in pursuit of his federal habeas claims, or that some extraordinary circumstance prevented him from filing before the expiration of the one-year statute of limitations. *See Holland*, 130 S.Ct. at 2562. In the absence of any evidence warranting statutory or equitable tolling, the Court finds Petitioner's habeas petition is time-barred by 28 U.S.C. § 2244(d)(1)(A), and should be dismissed with prejudice.

## Recommendation

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and

recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009).

     This the 13th day of June 2011.

                                    /s/  Linda R. Anderson
                             UNITED STATES MAGISTRATE JUDGE